UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JEFF NOLAN<br>    Plaintiff<br><br>v.<br><br><br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC<br>    Defendant | CIVIL ACTION<br><br>COMPLAINT<br><br>JURY TRIAL<br>CLAIMED<br><br><br><br><br><br>MAY 7, 2010 |

## COMPLAINT

### I. INTRODUCTION

1. This is a suit brought by a consumer who has been harassed and abused by the Defendant collection agency. This action is for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Creditor Collection Practices Act ("CCPA"), Conn. Gen. Stat. § 36a-645 *et seq.*, and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a *et seq.*

### II. PARTIES

2. The plaintiff, Jeff Nolan, is a natural person residing in New Britain, Connecticut.

3. The defendant, Portfolio Recovery Associates, LLC ("Portfolio"), is a limited liability company located in Virginia that is in the business of purchasing and collecting debts.

## III. JURISDICTION

4. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d), Fed. R. Civ. P. 18(a), and 28 U.S.C. § 1367.

5. This Court has jurisdiction over Portfolio because it engages in debt collection activities within Connecticut.

6. Venue in this Court is proper, as the Plaintiff is a resident of Connecticut and the acts complained of occurred in this state.

## IV. FACTUAL ALLEGATIONS

7. Portfolio called and spoke with Plaintiff multiple times in an attempt to collect a debt, and during each conversation, Plaintiff explained to Portfolio that he did not have the money to pay the debt.

8. Then, on or around May 6, 2010, Portfolio called and spoke with Plaintiff's mother and told her that someone had told Portfolio that Plaintiff could be reached at her residence.

9. Plaintiff does not reside with his mother, and he called Portfolio back soon thereafter and spoke with Portfolio, and they asked him if he could borrow money from his mother to pay the debt.

## V. COUNT ONE
### Fair Debt Collection Practices Act

10. Plaintiff incorporates Paragraphs 1-9.

11. Portfolio violated the FDCPA, including the following respects:

a. Portfolio violated 15 U.S.C. § 1692c(b) by contacting third parties without having Plaintiff's permission to do so;

b. Portfolio violated 15 U.S.C. § 1692e(10) by falsely representing that someone had told Portfolio that Plaintiff could be reached at his mother's residence; and

c. Portfolio violated 15 U.S.C. § 1692d by harassing and abusing Plaintiff as described above.

12. For Portfolio's violations of the Fair Debt Collection Practices Act as described above, the Plaintiff is entitled to recover his actual damages, statutory damages of $1,000, and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k.

## VI. COUNT TWO
### Creditor Collection Practices Act

13. Plaintiff incorporates Paragraphs 1-9.

14. Portfolio violated the CCPA and the regulations promulgated thereunder by the Connecticut Department of Banking, as follows:

a. Portfolio violated Conn. Agencies Reg. § 36a-647-3(b) by contacting third parties without having Plaintiff's permission to do so;

b. Portfolio violated Conn. Agencies Reg. § 36a-647-6 by falsely representing that someone had told Portfolio that Plaintiff could be reached at his mother's residence; and

c. Portfolio violated Conn. Agencies Reg. § 36a-647-5 by harassing and abusing Plaintiff as described above.

15. For Portfolio's violations of the Creditor Collection Practices Act as described above, the Plaintiff is entitled to recover his actual damages, statutory damages of $1,000, and reasonable attorney's fees, pursuant to Public Act No. 07-176.

### VII. COUNT THREE
### Connecticut Unfair Trade Practices Act

16. Plaintiff incorporates Paragraphs 1-9.

17. Portfolio violated the Connecticut Unfair Trade Practices Act ("CUTPA") Conn. Gen. Stat. § 42-110a *et seq.* by its collection activities described above.

18. Portfolio's acts as described above were unfair, immoral, unethical, oppressive and unscrupulous as such to cause substantial injury to consumers, especially Plaintiff.

19. Plaintiff suffered an ascertainable loss as a result of Portfolio's aforementioned actions.

20. Portfolio violated CUTPA and is liable to Plaintiff for his monetary damages, punitive damages, and attorney's fees and costs pursuant to Conn. Gen. Stat. § 42-110g.

WHEREFORE, the Plaintiff prays for the following relief:

Actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. § 1692k and Public Act No. 07-176; actual damages, attorney's fees and costs, and punitive damages pursuant to Conn. Gen. Stat. § 42-110g; and such other relief as this Court deems appropriate.

**PLAINTIFF, JEFF NOLAN**

By: _____
Daniel S. Blinn, ct02188
Matthew W. Graeber, ct27545
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd. Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408; Fax. (860) 571-7457